IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE PEEL STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-137-GMB |
| | ) | [WO] |
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion to Transfer Venue (Doc. 25) filed by Defendant New Hampshire Insurance Company ("NHIC"). With the parties' briefing now complete, NHIC's motion is ripe for the court's review. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that the Motion to Transfer Venue (Doc. 25) is due to be DENIED. This case will remain pending within the Northern Division of the Middle District of Alabama.

**I. JURISDICTION AND VENUE**

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1332. NHIC and Stephenson do not contest personal jurisdiction, nor do they contest that venue is proper in the Middle District of Alabama, and the court finds adequate allegations to support both jurisdiction and venue. The instant dispute, however, centers on whether the lawsuit was filed in the proper division within the Middle District.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michelle Stephenson asserts claims for underinsured motorist ("UIM")

benefits, breach of contract, and wrongful death[1] relating to a motor vehicle accident involving her husband, Gerald W. Stephenson, who is deceased. Docs. 1 & 22. The following is a recitation of the facts as alleged in the complaint and amendment to complaint.

On February 24, 2017, Gerald Stephenson was driving southbound on County Road 49 in Geneva County near a four-way stop. Doc. 1 at 2. At the same time, Donald Harry Rhein was driving eastbound at an unlawful speed. Doc. 1 at 2. Rhein failed to halt at the stop sign and collided with Stephenson's vehicle, causing Stephenson's vehicle to be struck by another vehicle driven by Lindsay Sparks. Doc. 1 at 2. All three vehicles caught on fire. Doc. 1 at 2. The collision seriously injured Stephenson and he ultimately died as a result of his injuries. Doc. 1 at 2.

At the time of the collision, Gerald Stephenson was employed by GroSouth, Inc. ("GroSouth"), a company located in Montgomery, Alabama, and was driving a vehicle issued to him by his employer. Doc. 1 at 3. That vehicle was covered by NHIC under an insurance policy issued to GroSouth. Doc. 1 at 4. Stephenson asserts that NHIC breached its duty under the terms of the contract to tender its policy limits after the wrongful death of her husband. Doc. 22 at 4. NHIC denies that it had a specific duty to tender the policy limits, that it breached this duty, and that Rhein acted negligently and wantonly. Doc. 28 at 4–6.

Stephenson filed this case in the Northern Division of the Middle District of Alabama, and she contends that this is the appropriate venue for this action because it is

---

[1] Plaintiff also brought a claim for excess UIM benefits against National Union Fire Insurance Company of Pittsburgh, Pennsylvania, but that claim and defendant have now been dismissed. Docs. 22 & 36.

the venue where NHIC issued the subject insurance policy. Doc. 41. NHIC argues that the Southern Division, where the collision occurred, is the appropriate venue. Doc. 38.

### III. DISCUSSION

Venue is appropriate in a judicial district where any defendant resides if all defendants are residents of the State in which the district is located; in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or, if there is no district in which a civil action may otherwise be brought, in any judicial district where the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). While federal courts enjoy discretion in venue determinations, *Fedonczak v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1856080 at *1 (M.D. Ala. May 4, 2010), a plaintiff's choice of forum is due considerable deference. *Whitford v. Sub-Line Assocs., Inc.*, 2015 WL 13646717, at *1 (N.D. Ala. Dec. 18, 2015). "In evaluating a request to transfer venue, a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Callwood v. Phenix City, Ala.*, 2016 WL 1122681, at *2 (M.D. Ala. Mar. 22, 2016). As a result, the movant bears the burden to "show that the forum it suggests is more convenient or that litigating the case there would be in the interest of justice." *Id* (internal citations omitted).

The question of whether to transfer venue is a two-pronged inquiry, first requiring that the alternative venue be one in which the action could have been brought. *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005);

28 U.S.C. § 1404(a).  "The second prong requires courts to balance private and public factors to determine if transfer is justified." *Callwood*, 2016 WL 1122681, at *1.  In making this determination, courts have considered a number of factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

**A.     Whether Venue Is Proper**

Here, the first prong of the analysis is satisfied in either venue.  The case could have been filed in the Southern Division of the Middle District of Alabama because the accident occurred in Geneva County.  *See* 28 U.S.C. § 1391(b).  The action also could have been filed in the Northern Division of the Middle District because NHIC issued the UIM policy in Montgomery County to a Montgomery County employer.  *See Fedonczak*, 2010 WL 1856080, at *4 (finding that, in a negligence or wantonness action, the district where the UIM policy was issued is an appropriate venue even though the accident occurred outside of that district).[2]  Because the defendants concede that venue is proper in the Middle District of Alabama, the court will apply a traditional forum non conveniens analysis to the defendants' request to transfer venue.  *See Callwood*, 2015 WL 7455545, at *3.  Thus, the court must determine whether NHIC has met its burden to demonstrate that the Southern

---

[2] Title 28, United States Code, Section 1406(a) does not apply in this case because both the Northern and Southern divisions were appropriate venues.  Section 1406 applies only where a plaintiff files her complaint in an improper division. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49 (2013).

4

Division is the more convenient forum or that litigating the case in the Southern Division would be in the interests of justice.

**B.    Forum Factors**

*1.    Convenience of Witnesses*

This factor weighs in favor of transfer, but only slightly. Stephenson argues that the witnesses who are relevant to this action are those who possess "information regarding the presentation, execution, performance, and breach of the insurance policy." Doc. 27 at 8. Those witnesses are located in the Northern Division. Doc. 27. And while Stephenson's breach of contract claim is unripe, her claim for UIM benefits still implicates the insurance policy at issue. Stephenson submits that she will call as witnesses certain employees of NHIC who reside outside of the Middle District, but she proposes that video recorded deposition testimony will suffice in lieu of their live testimony. Doc. 27 at 9.

NHIC contends that the relevant witnesses in this action are the bystanders listed on the accident report, the responding officer who completed the accident report, the other first responders who arrived at the collision scene, and members of the Sparks family. Doc. 25 at 6. According to the accident report, the bystander witnesses both reside in the Southern Division—or at least they did on the date of the accident. Doc. 25 at 15. The residence of the investigating officer, David Rogers, is unknown. Doc. 25 at 15. The first responders who transported Sparks and Rhein to medical facilities work in the Southern Division. Doc. 25 at 13–14. The Sparks were taken to the Southeast Alabama Medical Center, located in the Southern Division, and Rhein was taken to the University of Alabama at Birmingham Hospital, located outside of the Middle District of Alabama. Doc. 25 at 13–14. The Sparks family resides in Florida, also outside of the Middle District. Doc. 25 at

5

13–14.  Stephenson argues that the testimony of these witnesses is not central to this action, and that their testimony can be presented through recorded depositions. Doc. 27 at 7.

The cost of attendance and convenience for witnesses is an important factor in the transfer of venue analysis. *Carroll v. Tx. Instr., Inc.*, 910 F. Supp. 2d 1331, 1334 (M.D. Ala. 2012).  Stephenson contends that the witnesses who have information regarding the subject insurance policy are located in Montgomery, in the Northern Division. Doc. 27 at 8.  Thus, the Northern Division will be a more convenient forum for them. Doc. 27 at 8. For those witnesses located outside of the Northern Division, she asserts that video depositions will be adequate.  Furthermore, the party witnesses Stephenson identifies live outside of Middle District, making neither forum demonstrably more convenient for them. On the other hand, NHIC contends that many of the witnesses live outside of the Northern Division.  Although Stephenson has advocated that depositions can adequately replace live testimony, NHIC has not conceded this.  However, NHIC has not shown that video depositions are unworkable or otherwise inconvenient, and it is NHIC who bears the burden here. *See SE Prop. Holdings, LLC v. Ctr.*, 2015 WL 4478154, at *5 n.8 (S.D. Ala. July 21, 2015).  Thus, the convenience of the witnesses does not suggest that the Southern Division is a demonstrably more convenient forum than the Northern Division.

### 2. *Location of Relevant Documents and Ease of Access to Sources of Proof*

NHIC has not demonstrated that this factor supports transfer.  Stephenson contends that the focus of the case as to liability will be on documents related to the insurance policies, which are likely to be located in the Northern Division. Doc. 27 at 8.  Although "the notion that the physical location of some relevant documents should play a substantial role in the venue analysis is somewhat antiquated in the era of electronic storage and

transmission," NHIC has not addressed this argument. *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (internal citations omitted). While this factor may not be entitled to substantial weight, NHIC has not demonstrated that it militates in favor of transfer.

### 3.   *Convenience of the Parties*

This factor weighs against transfer. Stephenson asserts that neither division is more convenient for NHIC since it is incorporated in Illinois with its principal place of business in New York. Doc. 27 at 6. If one forum is more convenient, Stephenson argues that it is likely to be the Northern Division because there is better commercial airline access to Montgomery than Dothan. Doc. 27 at 7.

NHIC contends that the "vast majority of interested parties" reside in the Southern Division, making it the better forum. Doc. 25 at 8. NHIC notably highlights that Stephenson herself is a resident of the Southern Division, suggesting that Stephenson's choice of forum should be afforded less deference. Doc. 25 at 8. But only two parties remain in this case: NHIC, which resides outside of the Southern Division, and Stephenson, who chose to file this case outside of the Southern Division. The fact that Stephenson resides outside of her chosen forum may diminish the deference to her choice, but it does not eliminate it. *See Taylor*, 2014 WL 1577021, at *4 (concluding that despite residing outside of the chosen forum plaintiff's choice is "not insignificant"). The Southern Division does not appear to be any more convenient to NHIC than the Northern Division, and despite any potential for inconvenience to her Stephenson chose to file in the Northern Division. NHIC has not demonstrated that the Southern Division is more convenient for the parties.

7

### 4. *Locus of Operative Facts*

This factor is neutral. NHIC argues that all of the operative events giving rise to Stephenson's claims occurred in the Southern Division, and that the only act connecting this case to the Northern Division is the delivery of the insurance policy. Doc. 25 at 8. NHIC also posits that any damages will be based on the circumstances surrounding the wrongful death. Doc. 38 at 5. NHIC further contends that the insurance policy cannot be the basis of venue because the policy terms are not in dispute. Doc. 25 at 4.

Stephenson argues that the insurance policy is central to her claims, and that the policy was presented, executed, and substantially performed in the Northern Division. Doc. 27 at 8. Purportedly, Stephenson's claims are not based on the collision, but on the business decisions related to the insurance policy. Doc. 27 at 5. Yet Stephenson also suggests that the primary dispute in the case will center around the amount of damages to be awarded for the wrongful death of her husband. Doc. 27 at 2.

The facts surrounding the car collision in Geneva County are operative to Stephenson's wrongful death claim. NHIC does not agree that Rhein was at fault and has not admitted that he was liable for the wrongful death of Stephenson's husband. Doc. 43 at 4. However, the facts surrounding the insurance policy terms also are relevant to this action. *See Fedonczak*, 2010 WL 1856080, at *4 (concluding that many of the operative facts underlying an underinsured claim occurred in the district where the insurance policy was issued). Thus, some of the operative facts occurred in the Northern Division, supporting Stephenson's choice of forum, while other operative facts occurred in the Southern Division, supporting NHIC's choice.

### 5. Ability to Compel the Attendance of Unwilling Witnesses

This factor does not weigh in favor of transfer. NHIC claims that the Sparks family is not subject to the subpoena power of the Northern Division because they live more than 100 miles away from the courthouse in the Northern Division. Doc. 25 at 6; *see* Fed. R. Civ. P. 45(c)(1)(a). NHIC asserts that the way to alleviate this risk is to transfer the case to the Southern Division. Doc. 25 at 6. Instead, Stephenson contends that the testimony of these witnesses can be presented through video deposition, and also notes that NHIC's relevant employees will be outside of the subpoena power of both the Northern and Southern Division, but that this risk also can be mitigated through video depositions. Doc. 27 at 9.

Federal courts have found that this factor should not control where "the defendant's argument merely assumes that the witnesses in question would not appear voluntarily and where the defendant has not shown that use of video-taped depositions would be inadequate." *SE Prop. Holdings*, 2015 WL 4478154, at *5 n.8 (internal citations omitted). "[T]his factor is entitled to little weight given the absence of any showing that (i) critical out-of-district witnesses will be unwilling to participate absent court compulsion, and (ii) even if such witnesses exist, no reasonable accommodations are available to secure their trial testimony." *Id*. at *5. It is NHIC's burden to show that transfer is more convenient or in the interests of justice. NHIC has not demonstrated that the Sparks family is unwilling to appear voluntarily or that video dispositions would be an inappropriate way to present their testimony. Accordingly, this factor does not weigh in favor of transfer.

### 6. Relative Means of the Parties

This factor weighs against transfer. Stephenson notes that her counsel is located in

the Northern Division, while NHIC's counsel is located outside of both the Southern and the Northern Division. Doc. 27 at 10.  She also contends that the choice of venue does not disproportionately impact either party and that the Northern Division will be more economical for NHIC. Doc. 27 at 9–10.  NHIC has not contested this contention.

### 7.     *Trial Efficiency and the Interests of Justice*

Stephenson asserts that the Northern Division is the more efficient forum because it is easier to travel to Montgomery than Dothan and because the operative facts, in her view, occurred in the Northern Division upon delivery and breach of the insurance policy. Doc. 27 at 10.  Additionally, she contends that the courtroom technology in the Northern Division is more advanced, leading to a more efficient trial. Doc. 27 at 10.  NHIC asserts that the Southern Division is the more efficient forum because the collision occurred in Geneva County. Doc. 25.  These arguments overlap with the aforementioned factors and do not add meaningfully to the court's analysis.  Based on the totality of the circumstances, the court finds that NHIC has failed to satisfy its burden of demonstrating that transfer to the Southern Division is more convenient or in the interests of justice.

### IV.  CONCLUSION

Accordingly, for the reasons explained above, NHIC's Motion to Transfer Venue (Doc. 25) is DENIED.

DONE this 18th day of March, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE